WILLIAM T. STEWART v. YELLOW CAB COMPANY, a CORPORATION.

(Filed 12 December, 1945.)

**Automobiles § 18h—**

> In a civil action for alleged damages to plaintiff and his automobile, resulting from a collision between the motor vehicles of plaintiff and defendant at an intersection of two city streets, where the city maintained traffic signals, G. S., 20-169, the evidence being sharply contradictory as to whether plaintiff or defendant violated the traffic signal by entering the intersection on a red light, the court erred, in its charge to the jury, by a failure to state in a plain and concise manner the evidence offered as to the right of way between the parties in support of their respective contentions and to declare and explain the law applicable thereto. G. S., 1-180.

APPEAL by defendant from *Olive, Special Judge,* at March Term, 1945, of MECKLENBURG.

This is an action for personal injuries and property damages allegedly sustained by the plaintiff, in a collision between an automobile owned by him and in which he was a passenger, and one of defendant's cabs, at the intersection of Fifth and Tryon Streets, in Charlotte, N. C., on 27 June, 1944. The plaintiff's car was proceeding in a southerly direction on Tryon Street and the cab was proceeding in a westerly direction on Fifth Street, crossing Tryon Street. Tryon Street is approximately sixty feet wide and Fifth Street is approximately twenty-five feet wide at the intersection. The collision between the two vehicles occurred on the west side of Tryon Street, after the cab had crossed the center of Tryon Street.

The plaintiff alleged the defendant violated an ordinance of the City of Charlotte, by entering the intersection under a red light. The defendant, on the other hand, alleged that plaintiff's car failed to stop before entering the intersection, in violation of the traffic signal light and the ordinance of the City of Charlotte, and the laws of North Carolina applicable thereto, the City of Charlotte having installed traffic signal lights at the intersection of North Tryon and Fifth Streets in said city, and that said lights were in operation at the time of the collision between the cars of the plaintiff and defendant.

The plaintiff offered evidence tending to prove the driver of the cab entered the intersection at an excessive rate of speed, and on a red light, after plaintiff's car had entered the intersection. Likewise, defendant offered evidence tending to prove that plaintiff's car entered the intersection at an excessive rate of speed and on a red light after the cab of the defendant had entered the intersection. The evidence is sharply contradictory as to the speed of the respective cars.

The jury returned a verdict in favor of plaintiff. From the judgment predicated on the verdict, the defendant appealed, assigning error.

*Henry L. Strickland* for plaintiff.
*Helms & Mulliss* for defendant.

DENNY, J. The ordinance of the City of Charlotte authorizing the erection and maintenance of the traffic signals at the intersection of North Tryon and Fifth Streets in said city, as authorized by G. S., 20-169, not having been introduced in evidence, in the trial below, the court instructed the jury not to consider the evidence as to the traffic lights except as to whether or not, under the definition of negligence, a reasonably prudent person, in the exercise of due care, would drive under a red light at the intersection of North Tryon and Fifth Streets. And the court further instructed the jury that in so far as this case was concerned, it was not negligence *per se* to enter the intersection on a red light, and that it was not a violation of any law to enter this intersection on a red light.

The court having withdrawn from the jury any consideration of the traffic signals as having any legal bearing on the rights of the plaintiff and defendant as they entered the intersection of the streets where the collision occurred, the defendant duly excepted to the failure of the court, in charging the jury, to state in a plain and concise manner the evidence given in the case as to the right of way as between the parties at the intersection of the streets in which the collision occurred, and to declare and explain the law arising thereunder, as provided by G. S.,

1-180. We think the exception well taken, and must be sustained. The court inadvertently failed to state the evidence offered by the parties in support of their respective contentions, as to which motor vehicle first entered the intersection, and to declare and explain the law applicable thereto. The right of way rule is stated in the recent case of *Cab Co. v. Sanders*, 223 N. C., 626, 27 S. E. (2d), 631, and in the cases cited therein, and need not be restated here.

In view of the conclusion reached, it becomes unnecessary to discuss the remaining exceptions.

The defendant is entitled to a new trial, and it is so ordered.

New trial.