MRS. VIOLA M. PINER v. CHARLES RICHTER, JR., ADMINISTRATOR OF CHARLES RICHTER, DECEASED.

(Filed 13 April, 1932.)

1. **Appeal and Error G b—Where exceptions are not discussed in briefs they are considered abandoned.**

   Exceptions taken upon the trial of an action which are not brought forward and discussed by the appellant in his brief on appeal is deemed to have been abandoned under Rule of Practice in the Supreme Court, 28.

2. **Highways B m—Complaint in civil action need not allege speed at which car was traveling, C. S., 2621(46) not applying thereto.**

   In a civil action by an invitee or guest in an automobile to recover damages against the owner and driver thereof, allegations in the complaint that the car was driven negligently and at a reckless speed resulting in a collision with another car at a street intersection and that this was the proximate cause of the injury in suit is a sufficient allegation of actionable negligence to resist the defendant's demurrer to the complaint, the allegations being sufficient according to the common-law practice, and section 2621(46), requiring that the speed of the automobile must be alleged, applies to criminal actions only and not to civil actions for damages.

3. **Highways B b—Instructions in this case as to right of way at street intersection held correct.**

   Where damages are sought for defendant's negligent driving at a street intersection and there is evidence tending to show that the defendant was approaching the intersection at an unlawful rate of speed and did not slow up before the happening of the collision with another car: *Held*, an instruction correctly charging the rule of the right of way if both cars approached the intersection simultaneously and the rule that if one of the cars was already in the intersection it was the duty of the driver of the other car to slow down and permit it to pass will not be held for error. C. S., 2621(60).

APPEAL by defendant from *Barnhill, J.*, at September Term, 1931, of NEW HANOVER. No error.

This is an action to recover damages resulting from personal injuries caused by the negligence of the defendant's intestate while driving an automobile in which plaintiff was riding as his guest.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured as a result of the negligence of defendant's intestate, as alleged in the complaint? Answer: Yes.

2. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: $7,195.50."

From judgment on the verdict, the defendant appealed to the Supreme Court.

*L. Clayton Grant for plaintiff.*
*Carr, Poisson & James for defendant.*

CONNOR, J. There was evidence at the trial of this action tending to show that defendant's intestate was negligent in the operation of his automobile, as alleged in the complaint, and that such negligence was the proximate cause of the injuries suffered by plaintiff, who was riding in the automobile with defendant's intestate as his guest. On his appeal to this Court, the defendant has not brought forward and discussed his exception to the refusal by the trial court to allow his motion at the close of all the evidence for judgment as of nonsuit. The assignment of error based on this exception, which was duly taken and noted at the trial, is deemed to have been abandoned. Rule 28, and annotations. 200 N. C., 831. It is needless, therefore, to set out the evidence at the trial of the action. It was sufficient to support the verdict.

The only assignments of error discussed in the defendant's brief filed in this Court, are those based (1) on his exception to the refusal of the trial judge to sustain his demurrer *ore tenus* to the complaint, and (2) on his exceptions to certain instructions of the judge in his charge to the jury. Neither of these assignments of error can be sustained. For this reason, the judgment is affirmed.

The allegations in the complaint in this action, constituting the cause of action on which the plaintiff seeks to recover of the defendant, are as follows:

"3. That on or about 1 June, 1930, the plaintiff and her husband, J. H. Piner, upon the request and at the invitation of Charles Richters or Richter, Sr., and his wife, Mrs. Wilhemenia Richters or Richter, got into the said Richters' or Richter's large touring car for the purpose of riding about in the vicinity of Wilmington on the afternoon of said day as the invited guests of said Richters.

4. That the said Charles Richters or Richter, deceased, controlled and operated the automobile in which the plaintiff and her husband rode as aforesaid; and was so doing when returning from a ride about the southern beaches of the county and State aforesaid, and while driving northwardly along the northern side of Third Street in the city of Wilmington and approaching the dangerous intersection of Cowan Street, negligently and carelessly failed, as it was his duty to do, to have his car under control and to drive with due regard to the rights of others and the use then being made of said street intersection, thereby negligently and needlessly running into an automobile operated by L. B. Murray and headed east, standing still near the center of said intersection, thereby causing the car in which plaintiff was riding to be overturned with great violence several times, and practically demolished, causing the plaintiff to be injured and undergo great suffering, loss of the use of her physical members, and impairment of her sight and hearing, and incur the expense hereinafter set out.

5. That this plaintiff on account of the negligence of the said Charles Richters or Richter, deceased, as herein set forth, received such grave injuries that she was immediately carried to a hospital where she was compelled to remain for a long period of time and undergo serious surgical operations for the setting of both her broken jaws, and the relief of her severely crushed face, all of which was very painful and expensive to the plaintiff."

After the jury had been sworn and empaneled, and after the pleadings had been read, the defendant interposed a demurrer *ore tenus* to the complaint, on the ground that the facts stated therein are not sufficient to constitute a cause of action, for that there is no negligence alleged in the complaint. The demurrer was overruled, and the defendant excepted.

In support of the assignment of error based on this exception, the defendant contends in this Court that by reason of the mandatory provisions of C. S., 4621(46), no cause of action is alleged in the complaint, for the reason that plaintiff has failed to specify in the complaint the speed at which defendant's intestate was driving his automobile at the time of its collision with the automobile standing in the street intersection. C. S., 2621(46) is a criminal statute and the provisions therein that "in every charge of violation of this section, the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed which this section declares shall be prima facie lawful, at the time and place of such alleged violation," does not apply to the complaint in a civil action to recover damages resulting from the negligent operation of an automobile,

although the negligence alleged in the complaint is sufficient to show a violation of the statute. The General Assembly of this State has not undertaken to define by statute negligence in the operation of an automobile as the basis for the recovery in a civil action of damages resulting from personal injuries. The plaintiff in such action states a good cause of action when he alleges in his complaint, as the plaintiff in this action has done, facts sufficient to constitute actionable negligence under the general or common law. The rule of the "prudent man," without statutory modification or alteration, applies in this State to the driver of an automobile.

With respect to the mutual rights and duties of the drivers of the automobiles which collided at the intersection of Cowan and Third streets, as they approached said intersection, the judge in his charge instructed the jury as follows:

"With respect to that, gentlemen of the jury, if they approached the intersection, that is, Murray and Richter, Richter going north on Third Street, and Murray going south on Third Street, and turning to the left on Cowan Street, both automobiles approaching the intersection at approximately the same time, that is, if Richter was proceeding northwardly and Murray was proceeding easterly, turning to his left and going across the line of traffic, and you so find, then the court instructs you upon that finding that Murray owed the right of way to Richter; that is, that under those conditions, Richter had the right of way and the duty rested upon Murray to stop and permit him to pass." The defendant excepted to this instruction, and on his appeal to this Court, assigns same as error.

The judge further instructed the jury as follows:

"On the other hand, if Murray had gotten into the intersection ahead of Richter, and they did not approach the intersection at approximately the same time, so as to endanger both to proceed, and Murray had already gotten into the intersection, first, it was the duty of Richter to slow down and permit Murray to pass—if he, Murray, was already in the intersection." Defendant excepted to this instruction, and on his appeal to this Court, assigns same as error.

Neither assignment of error can be sustained. The instructions are in accord with the provisions of C. S., 2621(60). There was evidence tending to show that as defendant's intestate approached the intersection, he was driving at an unlawful speed, and did not slow up before striking the automobile driven by L. B. Murray, and standing in the intersection. There was ample space for defendant's intestate to pass the standing automobile in safety. There is

No error.