PHILIP GOLD *vs.* PORTLAND LUMBER CORP.

Cumberland.      Opinion, November 6, 1940.

*Robert A. Wilson,*
*Edward I. Gold,* for plaintiff.
*Robinson & Richardson,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

HUDSON, J.   This is a street intersection case in which the plaintiff seeks to recover from the defendant for property damage and personal injuries received January 4, 1940, in a collision between a one and one-half ton Chevrolet truck driven by the plaintiff's agent (the plaintiff, however, riding with him) and a lumber truck driven by the defendant's agent. Neither agency is denied. The plaintiff's truck was proceeding southerly on Wilmot Street in the City of Portland and the defendant's, easterly on Lancaster Street. These streets cross at right angles and form an obscured intersection (Sec. 69 [b] 2, Chap. 29, R. S. 1930).

In the Trial Court, a verdict for the defendant was ordered, to which ruling the plaintiff excepted. This ruling was based upon the conclusion of the justice that the plaintiff's driver was guilty of contributory negligence as a matter of law. In our consideration, the evidence must be viewed in the light most favorable for the plaintiff. *Collins* v. *Maine Central Railroad Co.,* 136 Me., 149, 151, 4 A., 2d, 100.

By Sec. 7 of Chap. 29, R. S. 1930, it is provided:

"All vehicles shall have the right of way over other vehicles approaching at intersecting public ways from the left, and shall give the right of way to those approaching from the right; except that traffic officers stationed at such intersections may otherwise regulate traffic thereat."

Years ago this court held that this "law of the road" creating the right of way is not absolute, does not afford an inflexible standard

by which to decide questions which arise over collisions at intersections, does not confer the right of way without reference to the distance of the vehicles from the intersection point, their speed, and respective duties, and does not give precedence under all circumstances to a vehicle on the right against one from the left. Always the approach to an intersection must be attended with the use of reasonable watchfulness and caution so as to have such approaching vehicle under control and, where a collision is indicated, the driver who can do so by the exercise of ordinary care should avoid doing injury although it necessitates yielding his right of way. *Fitts* v. *Marquis*, 127 Me., 75, 77, 140 A., 909. A violation of this law of the road is prima facie evidence of negligence. *Dansky* v. *Kotimaki*, 125 Me., 72, 130 A., 871. A driver approaching an intersecting street (there being no stop sign) is not compelled to stop for a motor vehicle approaching on his right too far away to reach the intersection until he has crossed. The law of the road applies *only* when the motor vehicle approaching on the right travelling *at a lawful rate of speed* will enter the intersection before he can cross and a collision might follow if he did not stop or slow down. *Petersen* v. *Flaherty*, 128 Me., 261, 263, 147 A., 39 ; *Gregware* v. *Poliquin*, 135 Me., 139, 142, 190 A., 811.

In the latter case it is stated on page 142 :

"If there is doubt that a safe crossing may be made, reasonable care requires the driver coming in from the left to stop."

And on page 143 :

"Whenever it is the duty of a person to look for danger, mere looking will not suffice. One is bound to see what is obviously apparent. If the failure of a motor vehicle operator to see that which by the exercise of reasonable care *he should have seen is the proximate cause of an injury to another*, he is liable in damages for his negligence." (Italics ours.)

Did the application of these principles of law to the facts, considered most favorably for the plaintiff, warrant the direction of the verdict for the defendant? So considered, it appeared that the plaintiff's truck reached the intersection first, and there at "its corner" the plaintiff's driver looked right or westerly on Lancaster

Street and saw no approaching vehicle within one hundred feet. He then proceeded some four or five feet into the intersection at about ten miles per hour, when, looking again to the right, he saw the defendant's truck ten or fifteen feet away coming at about thirty miles per hour. The trucks collided a bit into the southeast quarter of the intersection. Contact was between the left forward part of defendant's and the right side of the plaintiff's truck. At such an obstructed intersection, speed in excess of fifteen miles per hour was prima facie evidence that it was neither reasonable nor proper. Sec. 4, Chap. 213, P. L. 1939.

Was the plaintiff's driver guilty of contributory negligence as a matter of law? The defendant so asserts, but does not claim that the plaintiff personally was negligent. He says, in effect, that the collision happened so soon after the plaintiff's driver claims to have looked to his right that the defendant's truck must then have been visible; that either he did not look at all or, if he did, he saw not that which he should have seen.

The rule as stated in the *Gregware* case, *supra*, is that there is negligence only when there is an omission to see that which by the exercise of reasonable care *should have been seen*. Whether the defendant's truck should have been seen or not is dependent upon circumstances. Pertinent questions were: Did the plaintiff's driver look? Did he look attentively? When did he look? Where then was he relative to the intersection? If he looked was he at a place where he had plain vision? How fast was he driving? If he looked, where then was the defendant's truck? Was it visible? Whether so or not, how far away was it and how fast was it coming? Did he actually see it, or, if not, should he have seen it? These were factual questions about which there was conflict of testimony. It may well be that most favorable light thrown on the plaintiff's testimony reveals that the plaintiff in fact did not see the defendant's truck when he looked, because then it was not in sight.

But counsel for the defendant produces a comparative computation to show that the defendant's truck must have been visible. On the other hand, plaintiff's counsel submits figures to show that at the rate of speed the defendant's truck was approaching there was plenty of time for it to reach the point of collision after the plaintiff had looked and had not seen it coming. But such computations are

not decisive unless the basic figures are correct in fact. Here they relate to distance, speed, and time, all matters of estimate and not one definitely known. The jury would not have been compelled to find that either driver was absolutely correct in his statement as to them. We cannot say that the jury, considering the testimony most favorably for the plaintiff, could not have found that plaintiff's driver, reaching the intersection first, actually did in the exercise of due care look to his right and fail to see the defendant's truck because it was not then in vision and that although not then visible, it was in fact coming at such speed that it had sufficient time to reach and collide with the plaintiff's truck when and where it did.

According to the plan, Wilmot Street in width is twenty-seven and a half feet and Lancaster, thirty-six feet ten inches. For the defendant's truck, at thirty miles per hour, to cover the one hundred feet on Lancaster Street plus one-half the length of the intersection, it would have required between two and two and one-half seconds, while for the plaintiff's truck to cross one-half of Lancaster Street in the intersection at the estimated rate of ten miles per hour, would have taken only between one and one and one-third seconds.

But the plaintiff's driver, when he entered the intersection, had the right to assume, with no knowledge to the contrary, that any truck approaching on his right would not exceed the lawful speed there of fifteen miles per hour. At such speed it would have taken the defendant's truck in excess of five seconds to reach the point of collision, thus giving the plaintiff's truck ample time for crossing and avoiding collision.

So on these estimated figures, as testified to by the plaintiff's driver, the jury might have found that he was in the exercise of due care when he entered this intersection.

It is only when, as in the *Gregware* case, *supra*, it is possible of actual demonstration that the plaintiff is guilty of contributory negligence that he should be denied the right to go to the jury.

*New trial ordered.*
*Exceptions sustained.*