CHARLES LEE KENNEDY v. W. H. SMITH, Trading as BLOUNT FLORAL COMPANY (BLOUNT FLOWER SHOP, INC.), and W. H. SMITH, Personally.

(Filed 18 September, 1946.)

**1. Automobiles § 8i—**

The statutory rule that a vehicle approaching an intersection has the right of way over a vehicle approaching the intersection from its left applies when the two vehicles approach or enter the intersection at approximately the same time, and a driver has no right to proceed on his way upon the assumption that the vehicle to his left will stop in time to avoid collision if, in the exercise of reasonable prudence, he ascertains that the vehicle on his left has already entered the intersection. G. S., 20-155.

**2. Automobiles § 18h—**

Testimony of the driver that in approaching an intersection he saw the headlights of a vehicle approaching the intersection from his left, that he

proceeded on his way assuming the other vehicle would stop, and that the front of his car struck the side of the other vehicle "full broadsided," *is held* to raise the issue of contributory negligence for the determination of the jury in the absence of evidence that the other vehicle was traveling at excessive speed, since the evidence affords ground for the deduction that the other vehicle had preceded plaintiff's car into the intersection.

**3. Same—**

While the burden of proving contributory negligence is on defendant, if there is any competent evidence tending to establish this defense, whether from the plaintiff or defendant, or inferences of fact are fairly deducible therefrom tending to support this affirmative defense, defendant is entitled to have the issue submitted · to the jury under appropriate instructions, and a peremptory instruction for plaintiff on the issue is reversible error.

APPEAL by defendant Blount Flower Shop, Inc., from *Bone, J.,* at April Term, 1946, of NASH. New trial.

This was an action to recover damages for personal injury alleged to have been caused by the negligence of the defendants in the operation of a motor truck.

The plaintiff offered evidence tending to show that on 7 March, 1942, about 11 o'clock p.m., at a street intersection in the City of Rocky Mount, the automobile which plaintiff was driving collided with a truck driven by the corporate defendant's employee, and that as result of the collision plaintiff suffered injury.

Motion for judgment of nonsuit as to W. H. Smith individually was sustained.

Issues of negligence, contributory negligence and damage were submitted to the jury, and answered in favor of the plaintiff. From judgment on the verdict the corporate defendant appealed.

*Cooley & May for plaintiff, appellee.*
*Wilkinson & King for defendant, appellant.*

DEVIN, J. The determinative question presented here is whether there was any evidence of contributory negligence on the part of the plaintiff. The court below, being of opinion there was no such evidence, instructed the jury to answer that issue "no."

The material evidence on this point came from the plaintiff. He testified he was driving west on Thomas Street in Rocky Mount at the rate of 25 miles per hour, and that defendant's truck was proceeding north on Howell Street; that as he approached the intersection, he met a car traveling east on Thomas Street and at same time he saw the lights of defendant's truck approaching from the south, on plaintiff's left; that he saw the truck before he met and passed the eastbound car, and that he

knew the truck was moving in on the intersection, but he thought the truck was supposed to stop; plaintiff made no effort to stop his automobile, though he did slow down from 25 to 20 miles per hour, and struck the truck "full broadsided," the front of plaintiff's automobile "went right up against the middle of the truck." He did not testify as to the speed of the truck. Plaintiff was driving on the right side of the street, and his automobile was equipped with adequate brakes.

The plaintiff relied upon the statute, G. S., 20-155, which gave him the right of way over a vehicle approaching the intersection from his left, and contended that he was under no duty to stop or slow down to permit the other vehicle to pass, and had the right to proceed on his way, on the assumption that the driver of the truck would stop in time to avoid collision. However, this statutory rule is based upon the assumption that the two vehicles approach or enter the intersection at approximately the same time, and does not apply if the driver on the right, at the time he approaches the intersection and before reaching it, in the exercise of reasonable prudence ascertains that the vehicle on his left has already entered the intersection. *Cab Co. v. Sanders,* 223 N. C., 626, 27 S. E. (2d), 631; *Stewart v. Cab Co.,* 225 N. C., 654, 36 S. E. (2d), 256; *Davis. v. Long,* 189 N. C., 129, 126 S. E., 321; *Piner v. Richler,* 202 N. C., 573, 163 S. E., 561; *Sebastian v. Motor Lines,* 213 N. C., 770, 197 S. E., 539; *Swinson v. Nance,* 219 N. C., 772, 15 S. E. (2d), 284.

While the evidence on this point is not entirely clear, we think from the circumstances detailed there are inferences which fairly may be drawn pointing to lack of due care on the part of the plaintiff constituting one of the proximate causes of his injury. Plaintiff's evidence that while driving on the right side of the street he struck the defendant's truck in the intersection "full broadsided" with the front of his automobile would seem to afford ground for the deduction, in the absence of evidence that the speed of the truck was in excess of that of the plaintiff, that the truck already had preceded the automobile into the intersection at the time the plaintiff approached the zone of danger. If so, this would present a question for the jury as to whether under all the circumstances plaintiff exercised proper care.

True, there was other evidence on the part of plaintiff, and the burden of proof on the issue of contributory negligence was on the defendant, but if there was any competent evidence tending to establish this defense, whether from the plaintiff or defendant, or inferences of fact fairly deducible therefrom tending to support the defendant's affirmative defense, the defendant was entitled to have the issue submitted to the jury with appropriate instructions from the court.

We think there was error in giving the peremptory instruction in favor of the plaintiff on the issue of contributory negligence, necessitating a new trial.

As there must be another trial, we have not deemed it necessary to consider other assignments of error brought forward in defendant's appeal, as they may not again arise.

New trial.