LOFFER, Respondent, v. WITTE, Appellant

(28 N. W.2d 698)

(File No. 8925. Opinion filed August 29, 1947.)

**Howard B. Crandall,** of Sioux Falls, for Appellant.

**Thornton G. Owen** and **J. H. Fitzpatrick,** both of Sioux Falls, for Respondent.

RUDOLPH, J. This action involves a collision at a street intersection in the city of Sioux Falls. The case was tried to the court without a jury. The trial court determined that the defendant was negligent and plaintiff was not negligent. From the judgment for the plaintiff, defendant has appealed.

██ The question presented goes to the sufficiency of the evidence to sustain the findings and judgment of the court. Judgment being for the plaintiff the facts must be reviewed in the light most favorable to him. We consider first the defendant's negligence and upon this issue plaintiff testified that at the time of and immediately prior to the collision the defendant's truck was being driven at the rate of 35 to 40 miles per hour in the business section in the city of Sioux Falls and that the driver of the truck was looking in a "southwesterly direction" and failed to observe the plaintiff. The trial court found that defendant's truck was being driven "at an excessive rate of speed and in a careless and negligent manner" and we are of the opinion that the above evidence sustains this finding.

█ The trial court further found in its Finding No. IV that "plaintiff was at the time of said collision, driving said coupe in a careful and prudent manner." The Assignment of Error relating to this finding is as follows:

"The evidence was wholly insufficient to sustain such finding and showed conclusively that the plaintiff was more than slightly negligent in failing to yield the right of way to defendant herein and in failing to stop his car immediately when he first observed the defendant's truck."

This assignment presents the same issue which defendant tendered to the trial court by means of a motion for judgment and the denial of which motion is assigned as error in defendant's assignment No. I. This motion was as follows:

"May it please the court, at this time the defendant wishes to make a motion for dismissal of this action on the strength of the law laid down in the case of Smith v. Aspaas, 21 N. W.2d 878. Reading from that case in the court's opinion, 'It is provided by the South Dakota Code, Section

44.0318, that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. If the vehicle on the right is traveling at a lawful speed, the test of the duty of the driver on the left to yield the right of way to the vehicle on the right under this statute is whether both vehicles are approaching or entering the intersection at approximately the same time. Which car actually entered the intersection first is without legal significance in determining the right of way if it appears that the vehicles approached or entered the intersection at approximately the same time.' Then it cites several cases.

"It seems to me the testimony here shows these two vehicles were approaching the intersection at approximately the same time, and Mr. Loffer has testified here that he was driving real slow and came into this intersection real slow and saw the other car coming into the intersection about 25 feet from the intersection. Instead of stopping, which he could have if he was going only 4 or 5 miles an hour such as he has testified to, and letting this other vehicle have the right of way, he elected contrary to law to take the intersection and drove out into this other car. His own testimony shows he hit the other car even though he claims the other car hit him. There is no mark on the front of the truck at all. The evidence, even plaintiff's own testimony, is that the two cars came together and the point of impact was between his bumper and the side of the truck."

Under the settled rule of this court the question of the insufficiency of the evidence is limited to the particulars pointed out in the motion for judgment and in the assignment which challenged the court's finding No. IV. SDC 33.0735; Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D 296; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Nichols & Shepard Co. v. Marshall, 28 S. D. 182, 132 N. W. 791. As we view this motion and the assignment, they present a single issue of whether plaintiff was negligent in failing to yield the right of way to the defendant under the provisions of SDC 44.0318.

So far as here material this section provides:

"When two vehilces approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right * * *. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way whch he might otherwise have hereunder."

Plaintiff testified that driving at 6 to 8 miles an hour he had reached a point in the intersection approximately two or three feet from the center line where he observed defendant's truck coming from his right about 25 or 30 feet from the intersection; that plaintiff immediately stopped his car with the "front bumper of my car practically on the middle of Main Avenue." Main Avenue was the street upon which the truck was being driven. Plaintiff further testified that after his car was stopped the left rear fender of the truck struck the front of plaintiff's car.

█ Accepting this testimony of the plaintiff, as we must due to the findings of the trial court, it appears that defendant's truck was being driven five times as fast as the car of the plaintiff. Plaintiff had reached a point within two or three feet of the center of the intersection at the time defendant's truck was still 25 or 30 feet from the intersection. It would appear, therefore, under the comparative speeds, that at the time plaintiff was entering the intersection the truck was more than 100 feet away. Under these facts we believe that it was within the province of the trial court to determine that the two vehicles were not approaching the intersection at approximately the same time within the meaning of SDC 44.0318, and that no question of right of way was involved. Smith v. Aspaas S. D., 21 N. W.2d 878; Fester v. George, S. D., 25 N. W.2d 455.

█ Appellant contends in this court that plaintiff was negligent in failing to observe the truck before he entered the intersection. This question was never presented to the trial court by the motion for judgment or otherwise nor was the case tried on this basis. As stated in the early case of Tanderup v. Hansen, supra [8 S. D. 375, 66 N. W. 1074]: "Whatever merit there might have been in this point had it been stated in the motion to direct a verdict in the court

below, it is .not available in this court, for the reason that no such ground was stated in the motion in the trial court. Where such a motion is made, the specific ground upon which the motion is made must be stated. It is due to the court and the opposing counsel that their attention should be called to the precise defect in the evidence or the omission of evidence that the party claims entitles him to the direction of the verdict. It is due to the court to enable it to pass understandingly upon the motion, and it is due to counsel that he may, if possible, supply the defective or omitted evidence, if permitted to do so by the court."

The judgment appealed from is affirmed.

All the Judges concur.