STATE v. JOHN CHESTER HILL.

(Filed 13 December, 1950.)

1. **Automobiles § 8i—**

The "right of way" at an intersection means the right of a driver to continue in his direction of travel in a lawful manner in preference to another vehicle approaching the intersection from a different direction.

2. **Same—**

Where an intersection has no stop signs or traffic signals and two vehicles approach it at approximately the same time, the vehicle on the right has the right of way, G.S. 20-155 (a); but when the vehicle on the left comes first to the intersection and the driver finds no vehicle approaching from his right within such distance as reasonably to indicate danger of collision, taking into consideration the respective distances of the vehicles to the intersection and their relative speeds and other attendant circumstances, the vehicle on the left has the right of way.

**3. Same—**

A driver having the right of way may act upon the assumption, in the absence of notice to the contrary, that the other motorist will recognize his right of way and grant him free passage over the intersection.

**4. Same: Automobiles § 28e—Evidence held not to show culpable negligence of defendant proximately causing fatal accident at intersection.**

Where the evidence discloses that a vehicle approaching from the south came to a virtual stop at the southern edge of an intersection 23 feet from the northern edge thereof, and that a vehicle approaching the intersection from the east at a speed of 15 to 20 miles an hour was then more than 125 feet from the eastern edge of the intersection, the vehicle from the south, thus entering the intersection an appreciable length of time ahead of the vehicle from the east, has the right of way, and where he proceeds without notice that the driver of the vehicle from the east did not intend to grant him free passage, and is hit on his right side by the front of the vehicle from the east after he had traveled at least one-half way across the intersection, he cannot be held guilty of culpable negligence.

**5. Criminal Law § 81f—**

The sustaining of defendant's motion to nonsuit in the Supreme Court has the force and effect of a verdict of not guilty. G.S. 15-173.

APPEAL by defendant from *Sharp, Special Judge,* and a jury, at the August Term, 1950, of GUILFORD.

Criminal prosecution for involuntary manslaughter arising out of a homicide caused by a collision of two motor vehicles at a street intersection.

The accident out of which this prosecution arose happened on the intersection of two paved streets in the City of Greensboro. These streets are Winston Street, which runs north and south and is 19 feet in width, and Industrial Avenue, which runs east and west and is 23 feet in width. There are no stop signs or traffic signals at the intersection.

The only testimony at the trial was that of the State. When this evidence is stripped of its non-factual admissions and conclusions, it is sufficient to establish the matters set out in the next paragraph.

On the mid-afternoon of 23 October, 1949, the defendant drove his automobile northward on Winston Street. He brought his vehicle to a virtual stop at the southern edge of the intersection, where he was able to see a Chevrolet car coming from the east on Industrial Avenue at a speed of 15 or 20 miles an hour. The distance between the Chevrolet car and the eastern edge of the intersection was "between 125 and 150 feet." The defendant entered the intersection and proceeded northward thereon until he crossed the middle of the intersection, when the Chevrolet car entered the intersection and struck the right side of the defendant's automobile with its front. As a result of the impact, a door of the Chevrolet car was thrown open, and the decedent, Silas Gray Murray, Jr., a

five year old passenger therein, fell to the pavement, suffering fatal injury. The Chevrolet car did not change its course or slacken its speed as it approached and entered the intersection.

The jury found the defendant "guilty as charged," and the court entered judgment on the verdict. The defendant appealed, assigning as error the disallowance of his motion for a compulsory nonsuit.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*John G. Prevette for the defendant, appellant.*

ERVIN, J. The appeal presents this question for decision: Was the testimony for the State sufficient to carry the case to the jury and support its verdict that the defendant was guilty of criminal negligence proximately resulting in the death of the decedent? See: *S. v. Cope,* 204 N.C. 28, 167 S.E. 456; *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580.

It is manifest that there is no basis for any conclusion that the accused was negligent in the premises unless the State's evidence affords a factual foundation for the contention of the prosecution that it was his legal duty to yield the right of way at the intersection to the Chevrolet car in which the deceased was riding.

As applied to vehicular travel at intersections of highways and streets, the term "right of way" means "the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path." 60 C.J.S., Motor Vehicles, section 362.

Inasmuch as vehicular traffic at the intersection of the streets involved in this action was not controlled by stop signs, traffic signals, or similar means, the question as to who had the right of way at such intersection at the time of the fatal accident must be determined by applying to the testimony rules of conduct established by law for the government of motorists approaching or entering highway or street intersections. The relevant rules are as follows:

1. "When two vehicles approach or enter an intersection . . . at approximately the same time," the driver on the right has the right of way, and the driver on the left must yield him that right. G.S. 20-155 (a).

2. This statutory rule does not apply, however, unless the two vehicles approach or enter the intersection at approximately the same time. When that condition does not exist, the vehicle first reaching and entering the intersection has the right of way over a vehicle subsequently reaching it, irrespective of their directions of travel; and it is the duty of the driver of the latter vehicle to delay his progress so as to allow the first

arrival to pass in safety. *Kennedy v. Smith,* 226 N.C. 514, 39 S.E. 2d 380; *Crone v. Fisher,* 223 N.C. 635, 27 S.E. 2d 642; *Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Piner v. Richter,* 202 N.C. 573, 163 S.E. 561.

3. Two motor vehicles approach or enter an intersection at approximately the same time within the purview of these rules whenever their respective distances from the intersection, their relative speeds, and the other attendant circumstances show that the driver of the vehicle on the left should reasonably apprehend that there is danger of collision unless he delays his progress until the vehicle on the right has passed. *Cab Co. v. Sanders, supra; Essig v. Cheves,* 75 Ga. App. 870, 44 S.E. 2d 712; *Kirchoff v. Van Scoy,* 301 Ill. App. 366, 22 N.E. 2d 966; *Henderson v. Johnson,* 300 Ill. App. 613, 21 N.E. 2d 42; *Gold v. Portland Lumber Co.,* 137 Me. 143, 16 A. 2d 111; *Warnen v. Markoe,* 171 Md. 351, 189 A. 260; *Lee v. City Brewing Co.,* 279 N.Y. 380, 18 N.E. 2d 628; *Ries v. Cheyenne Cab & Transfer Co.,* 53 Wyo. 104, 79 P. 2d 468. A corollary of this proposition may be stated conversely in these words: When the driver of a motor vehicle on the left comes to an intersection and finds no one approaching it on the other street within such distance as reasonably to indicate danger of collision, he is under no obligation to stop or wait, but may proceed to use such intersection as a matter of right. *Kallansrud v. Libbey,* 234 Iowa 700, 13 N.W. 2d 684; *State v. Brighi,* 232 Iowa 1087, 7 N.W. 2d 9.

4. A driver having the right of way may act upon the assumption in the absence of notice to the contrary that the other motorist will recognize his right of way and grant him a free passage over the intersection. *Cab Co. v. Sanders, supra.*

The task of applying these rules to the evidence must now be performed.

When the defendant's automobile came to the southern edge of the intersection, the distance between it and the northern edge of the intersection was only 23 feet whereas the distance between the eastern edge of the intersection and the approaching Chevrolet car was more than 125 feet. The Chevrolet car was traveling at a speed of only 15 or 20 miles an hour. In view of the distances to be traveled by the two vehicles, the speed of the Chevrolet car, and the other circumstances then existing, it reasonably appeared that the defendant's automobile could pass northward over the intersection without danger of collision with the Chevrolet car. The defendant entered the intersection under these conditions an appreciable length of time ahead of the Chevrolet car, and proceeded northward upon the intersection without any notice that the driver of the Chevrolet car did not intend to grant him free passage. After the defendant's automobile had traveled at least half-way across the inter-

section, the Chevrolet car entered the intersection, and struck the right side of the defendant's automobile with its front.

These things being true, the two vehicles did not approach or enter the intersection at approximately the same time, and the Chevrolet car did not have the right of way at that place. Such right belonged to the defendant, who reached and entered the intersection an appreciable length of time ahead of the Chevrolet car. *Crone v. Fisher, supra; Enz v. Johns,* 112 Cal. App. 1, 296 P. 115; *Loffer v. Witte,* 71 S.D. 626, 28 N.W. 2d 698.

It necessarily follows that there is no factual foundation in the record for the verdict finding the defendant guilty of criminal negligence proximately resulting in the death of the decedent. For this reason, the conviction and sentence are vacated, and the motion of the defendant for judgment of nonsuit is sustained on this appeal. Under G.S. 15-173, this ruling has the force and effect of a verdict of not guilty.

