GEORGE T. BENNETT v. J. N. STEPHENSON.

(Filed 18 March, 1953.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence is to be considered in the light most favorable to him.

**2. Automobiles § 8i—Respective duties of motorists meeting at intersection.**

Where two vehicles approach each other along intersecting streets or highways at about the same time, it is the duty of the driver of the vehicle on the left to decrease his speed or even stop, and yield the right of way to the driver on his right in order to avoid a collision, and the operator of the vehicle on the right may assume that the operator of the vehicle on the left will yield the right of way in accordance with the statute, G.S. 20-155 (a). It is only when the vehicle on the right is a sufficient distance away to warrant the assumption by the driver on the left that he can proceed into the intersection in safety before the vehicle on the right, operated at a reasonable speed, reaches the intersection, that the vehicle on the left is not required to slacken speed or stop.

**3. Negligence § 9½—**

A person is not under duty of anticipating disobediénce of law or negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary, is entitled to assume, and act on the assumption, that others will obey the law and exercise ordinary care.

**4. Automobiles § 8i—**

If two cars approach each other along intersecting streets or highways, but the car on the left reaches the intersection first and has already entered

the intersection, the operator of the vehicle on the right is under duty to permit it to pass in safety. G.S. 20-155 (b).

5. **Same: Automobiles § 18h (2)—Evidence held insufficient to show negligence on part of defendant entering intersection from plaintiff's right.**

Plaintiff's evidence was to the effect that his car and defendant's car approached an intersection of streets in a residential district at about the same time, that plaintiff was driving the car approaching the intersection from defendant's left, that at a point 100 feet from the intersection plaintiff could see 300 feet along the street to his right, and plaintiff testified he looked to his right shortly before entering the intersection but did not see defendant's automobile until it was almost upon him. Defendant's car struck plaintiff's right fender and door near the center of the intersection. *Held:* Defendant's motion to nonsuit was properly allowed notwithstanding evidence that defendant's car was traveling 35 to 40 miles per hour, since the evidence discloses that the cars approached the intersection about the same time and that defendant's car was visible for some distance but was not seen by plaintiff until it was almost upon him, and there was no evidence that the speed of defendant's car proximately caused the collision.

APPEAL by plaintiff from *Sharp, Special Judge,* October Term, 1952, of HARNETT. Affirmed.

This was an action to recover damages for a personal injury and injury to property resulting from a collision of automobiles. Negligence of the defendant was alleged in the complaint. Contributory negligence of the plaintiff was alleged in the answer.

The collision which gave rise to the action occurred at a street intersection in a residential district of the town of Dunn, about 9 a.m., 4 October, 1951. Plaintiff was driving his automobile west along West Edgerton Street, and defendant's automobile driven by his wife was proceeding south on North Orange Avenue. In the intersection of these streets slightly west of the center, plaintiff's automobile was struck on its right front fender and the right front door. Skid marks from each car measured 36 feet. Both streets are 30 feet wide from curb to curb with asphalt pavement 18 feet wide in the center. Edgerton Street is straight and level and there was a slight hill north along Orange Avenue. After the impact plaintiff's automobile went 48 feet across a ditch into a vacant lot, and defendant's automobile went west 27 feet. Plaintiff testified his speed was 15 to 20 miles per hour and defendant's 35 to 40 miles per hour, but the highway patrolman who investigated the accident, plaintiff's witness, testified plaintiff told him he was going 30 miles an hour at the time, and defendant's driver said she was traveling 30 to 35 miles per hour.

The plaintiff testified his view toward Orange Avenue was obstructed by a small house fronting on Orange Avenue and some flowers; that 30 feet from the intersection one could see the crest of the grade on Orange

Avenue. The patrolman testified that at a point 100 feet east of the intersection one could see 300 feet to the right along Orange Avenue. Plaintiff testified in substance that he first looked to his right when he was 100 feet from the intersection (later he said 30 feet); that after he entered the intersection he saw defendant's automobile coming on his right; that the first time he saw defendant's automobile it was several feet from him, he thought 15 or 20 feet.

At the close of the evidence defendant's renewed motion to nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Neill McK. Salmon and Glenn L. Hooper, J., for plaintiff, appellant.*
*Wilson & Johnson and Robert H. Dye for defendant, appellee.*

DEVIN, C. J.  The plaintiff's appeal from the judgment of involuntary nonsuit rendered by the court below requires consideration of the plaintiff's evidence in the light most favorable for him. *Nash v. Royster,* 189 N.C. 408, 127 S.E. 356; *James v. R. R.,* 236 N.C. 290, 72 S.E. 2d 682.

Making due allowance for the somewhat varying estimates of distance, speed and visibility in plaintiff's evidence, the over-all picture presented is that of a collision between two automobiles on a clear day approaching a street intersection at approximately the same time.  Hence the question of the negligence of the defendant whose automobile was approaching from plaintiff's right, and that of the plaintiff whose automobile was approaching from the defendant's left must be determined in the light of the duty imposed by the statute G.S. 20-155 (a), as interpreted by the decisions of this Court, notably in *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532, and *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25.

The statute provides that when two automobiles approach an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.  Under these circumstances the statute makes it the duty of the driver of the automobile on the left to yield the right of way to the automobile approaching from his right, and to permit it to pass before attempting to cross.  The phrase right of way has been interpreted to mean "the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path."  60 C.J.S. 865; *S. v. Hill, supra.*  The rule applies when two automobiles approaching an intersection and "their respective distances from the intersection, their relative speeds, and the other attendant circumstances show that the driver of the vehicle on the left should reasonably apprehend that there is danger of collision unless he delays his progress until the other vehicle has passed." *S. v. Hill, supra.*

When this situation at an intersection is made to appear the duty devolves upon the driver of the automobile on the left to observe the statute and permit the automobile approaching from his right to pass before attempting to enter the intersection. If the driver of the automobile on the left sees, or in the exercise of reasonable prudence should see an automobile approaching from his right in such a manner that apparently the two automobiles will reach the intersection at approximately the same time, it is his duty to decrease his speed, bring his automobile under control and if necessary stop, and to yield the right of way to the driver of the automobile on his right in order to enable him to proceed and thus avoid a collision. *Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631; *Yost v. Hall,* 233 N.C. 463, 64 S.E. 2d 554. The law imposes this duty on the driver of an automobile approaching an intersecting highway unless the automobile coming from his right on the intersecting highway is a sufficient distance away to warrant the assumption that he can proceed before the other automobile operated at a reasonable speed reaches the crossing. *Yost v. Hall, supra; Cab Co. v. Sanders, supra.*

If, in the instant case, the two automobiles approached the intersection at approximately the same time, the driver of defendant's automobile, in approaching the intersection, had the right to assume that the driver of the automobile coming from her left would yield the right of way and stop or slow down sufficiently to permit her to pass in safety. *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276. "One is not under duty of anticipating disobedience of law or negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary a person is entitled to assume, and to act on the assumption, that others will obey the law and exercise ordinary care." *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25. If, on the other hand, the automobile of the plaintiff approaching from the left reached the intersection first and had already entered the intersection, the driver of defendant's automobile was under duty, to permit the plaintiff's automobile to pass in safety. G.S. 20-155 (b); *Davis v. Long,* 189 N.C. 129 (136), 126 S.E. 321; *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316. However, the evidence in the case at bar is insufficient to invoke this principle of law as determinative of the questions involved.

The fact that the defendant's automobile was being driven at the speed of 35 to 40 miles per hour in a residential district with no other vehicle in view would not prevent the application of the rule as to right of way for automobiles entering an intersection at the same time, in the absence of evidence that the speed of defendant's automobile proximately caused the collision. *Cox v. Freight Lines, supra.*

From consideration of the evidence plaintiff has offered, it seems reasonably clear that the plaintiff failed to maintain a proper lookout for automobiles approaching the intersection from his right and failed to see the defendant's automobile in time to avoid the collision.

Plaintiff's witness, the highway patrolman, testified that at a point 100 feet east of the intersection one could see 300 feet along the intersecting street to the right. Though plaintiff testified he looked to his right shortly before entering the intersection, yet he admitted he failed to see a moving object as obvious as an automobile approaching along the street from his right until the defendant's automobile was almost upon him, a distance of several feet. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88. The collision occurred slightly west of the center of the intersection, and plaintiff's witness testified the skid marks from each automobile measured the same, 36 feet.

The facts in *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316, where the refusal to nonsuit was affirmed, were somewhat different from those in our case. There it did not appear that the two cars approached the intersection at approximately the same time.

We think the evidence insufficient to warrant submission to the jury, and that the judgment of nonsuit was properly entered.

Affirmed.