JAMES O. TAYLOR v. ALFRED JUNIUS BRAKE and SOLOMAN ANDERSON.

(Filed 27 February, 1957.)

1. **Trial § 22a—**

   On motion to nonsuit, plaintiff's evidence is to be taken as true, and he is entitled to every reasonable intendment and legitimate inference fairly deducible therefrom.

2. **Trial § 22b—**

   Defendants' evidence in direct conflict with that of plaintiff is not to be considered on motion for compulsory nonsuit.

3. **Automobiles § 17—**

   Where at about the same time two vehicles approach an intersection which has no stop signs or traffic control signals, the vehicle on the right has the right of way, G.S. 20-155(a), and they approach the intersection at approximately the same time within the purview of this rule when their respective distances from the intersection and relative speeds, and other attendant circumstances, show that the driver of the vehicle on the left should reasonably apprehend that there is danger of collision unless he delays his progress until the vehicle on the right has passed.

4. **Same—**

   Where a vehicle approaches an intersection and no other vehicle is then approaching within such distance as reasonably to indicate danger of colli-

sion, the driver is under no obligation to stop or wait in the absence of stop signs or traffic control signals, but may proceed to use the intersection as a matter of right, and if he thus first enters the intersection, he has the right of way over a vehicle approaching the intersection from his right. G.S. 20-155(b).

**5. Negligence § 16—**

Mere allegation that defendants' conduct was negligent, without alleging the facts constituting the alleged negligence, is insufficient.

**6. Automobiles § 41g—Plaintiff's evidence held insufficient to show negligence on part of defendant in entering intersection.**

Plaintiff's evidence tended to show that he approached an intersection, slowed his vehicle, looked, and seeing no other vehicle approaching, drove into the intersection, that he did not again look until he heard the squeal of tires, and that the right rear of his vehicle was struck by the car driven by one defendant, which approached the intersection from plaintiff's right at a speed of about 25 miles per hour. There was no allegation by plaintiff that he was first in the intersection. *Held:* Plaintiff's evidence does not show that he was first in the intersection, and therefore defendant driver had the right of way and the right to assume that plaintiff, approaching from his left and slowing down, would yield him the right of way, and nonsuit was correctly entered.

**7. Automobiles § 7—**

It is the duty of a motorist not merely to look, but to keep a proper lookout, and he is held to the duty of seeing what he ought to have seen.

BOBBITT, J., dissents.

APPEAL by plaintiff from *Morris, J.,* September Term 1956 of PITT.

Civil action for personal injuries and damage to an automobile arising out of a collision between two automobiles at a street intersection within the corporate limits of the city of Rocky Mount.

Plaintiff's evidence tends to show these facts:

Coleman Avenue, which runs north and south, and Holly Street, which runs east and west, intersect and cross each other within the corporate limits of the city of Rocky Mount. Where these streets intersect, Coleman Avenue is about 39 feet wide, and Holly Street about 36 feet wide. Coleman Avenue is paved to the intersection going north, and is a dirt street north of it. Holly Street is a dirt street. There are no stop signs and no right-of-way signs at the intersection, and no evidence that any stop or caution lights were there.

About 10:30 a.m. on 29 November 1955, a clear, cold day, an eastbound Mercury Automobile, owned and operated by the plaintiff, which approached and entered the intersection on Holly Street, and a northbound Ford Automobile, owned by the defendant Soloman Anderson and operated for him by his agent, the defendant Alfred Junius Brake, which approached and entered the intersection on Coleman Avenue,

collided in the intersection causing personal injury to the plaintiff and damage to his Mercury, and personal injury to the defendant Brake, and damage to the defendant Anderson's Ford. As they approached the intersection, plaintiff's Mercury was approaching from the left of the Ford driven by the defendant Brake, and the defendant Brake was approaching in the Ford from plaintiff's right.

Plaintiff testified that he was travelling east on Holly Street about 20 miles an hour on the right hand side when he saw the intersection of Holly Street and Coleman Avenue, and, as he approached the intersection, he took his foot off the accelerator, put it on the brake, and proceeded to slow down. About 8 to 10 feet, or maybe a little more, from the intersection he looked to the right and left on Coleman Avenue, along which street he could see 100 to 125 feet, and not seeing any traffic on the street—he did not look again—he took his foot off the brake, put it on the accelerator, and drove into the intersection at a speed of about 15 miles an hour. When the front end of his Mercury was already across the intersection, he heard tires squeal. He started to turn his head to the right, and his Mercury was hit by a Ford driven by the defendant Brake. He said on cross-examination his whole car had crossed the center of the street when hit. The right back end of the Mercury over the rear wheel was struck by the front of the Ford. The collision drove the Mercury almost all the way across the street, turning as it went. The door flew open, and he could not control the car.

The Mercury went 105 feet in the direction it was travelling on Holly Street from debris in the intersection before it stopped. The Ford went about nine feet from the debris before it stopped.

A police officer of Rocky Mount, who went to the scene of the collision, testified as a witness for plaintiff, and said, "he (plaintiff) had brake pedal but it wasn't more than half-way down there." This officer also testified that the plaintiff and the defendant Brake at the scene of the collision talked to him in each other's presence and hearing, that the plaintiff said he did not see the Ford car, and defendant Brake said he was approaching the intersection about 25 miles an hour, that the Mercury was about 20 feet from the intersection when he saw it, that he was about 40 feet from the intersection at that time, that he thought it was going to stop but when he saw it was not going to stop and yield the right-of-way, he put on his brakes and was unable to stop.

At this intersection each driver could have seen the other automobile 50 to 75 feet from the intersection.

Defendants' evidence was to this effect: The first time Brake looked, he didn't see the Mercury coming because of a store on the right. Brake was travelling 20 to 25 miles an hour. He looked again to the left, and there the Mercury was, he entered the intersection, and plaintiff entered it. As Brake approached the intersection, 20 or 30 feet

away, he saw plaintiff, who was slowing up to stop. He thought plaintiff was going to stop. He entered the intersection, and when his front wheels were two feet in the intersection, plaintiff speeded up, entered the intersection and came across his front wheels. He applied his brake, but could not avoid colliding with plaintiff's car.

At the close of all the evidence the court sustained the defendants' motion for judgment of nonsuit, and from the judgment entered, plaintiff appeals.

*Robert D. Wheeler and Owens & Langley for Plaintiff, Appellant.*
*James & Speight for Defendants, Appellees.*

PARKER, J.   For present purposes, the plaintiff's evidence is to be taken as true, and he is entitled to every reasonable intendment and legitimate inference fairly deducible therefrom. *Scarborough v. Veneer Co.*, 244 N.C. 1, 92 S.E. 2d 435; *Polansky v. Ins. Asso.*, 238 N.C. 427, 78 S.E. 2d 213.   Defendants' evidence in direct conflict with that of plaintiff is not to be considered by the court on a motion for a compulsory nonsuit. *Lawrence v. Bethea*, 243 N.C. 632, 91 S.E. 2d 594; *Brafford v. Cook*, 232 N.C. 699, 62 S.E. 2d 327.

At the intersection of Coleman Avenue and Holly Street there were no stop signs and no right-of-way signs, and there is no evidence that any stop or caution lights were there. As they approached the intersection, plaintiff's Mercury was approaching from the defendant's left, and the defendant Brake was driving the Ford and approaching from plaintiff's right.

"When two automobiles approach or enter an intersection . . . at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right," with certain specified exceptions, which are not relevant to the facts of the instant case. G.S. 20-155(a).   "Two motor vehicles approach or enter an intersection at approximately the same time within the purview of these rules whenever their respective distances from the intersection, their relative speeds, and the other attendant circumstances show that the driver of the vehicle on the left should reasonably apprehend that there is danger of collision unless he delays his progress until the vehicle on the right has passed.   (Many cases are cited in support of the statement.)   A corollary of this proposition may be stated conversely in these words: When the driver of a motor vehicle on the left comes to an intersection and finds no one approaching it on the other street within such distance as reasonably to indicate danger of collision, he is under no obligation to stop or wait, but may proceed to use such intersection as a matter of right." *S. v. Hill*, 233 N.C. 61, 62 S.E. 2d 532.   This Court has also said in *Kennedy v. Smith*, 226 N.C. 514, 39 S.E. 2d 380: "However, this

statutory rule,is based upon the assumption that the two vehicles approach or enter the intersection at approximately the same time, and does not apply if the driver on the right, at the time he approaches the intersection and before reaching it, in the exercise of reasonable prudence ascertains that the vehicle on his left has already entered the intersection."

G.S. 20-155(b) states "the driver of a vehicle approaching but not having entered an intersection . . ., shall yield the right-of-way to a vehicle already within such intersection." *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147.

Plaintiff contends that the case should have been submitted to the jury on the theory that he was already within the intersection, when the defendant Brake approached it. This Court said in *Cox v. Freight Lines* and *Matthews v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25: "The court cannot submit a case to the jury on a particular theory unless such theory is supported by both the pleadings and the evidence." Plaintiff has not alleged any where in his complaint that he was already within the intersection, when the defendant Brake approached the intersection but had not entered it, nor has he testified that he entered the intersection first. It is true that plaintiff alleged the defendants were negligent by "negligently, recklessly and carelessly failing to yield the right-of-way to this plaintiff's automobile as by law required." "To characterize an act or course of conduct as negligent without more is insufficient. As stated in McIntosh on Prac. and Proc., sec. 388, 'In negligence cases, a general allegation of negligence is insufficient and the facts constituting negligence must be given and that it was the cause of plaintiff's injury.'" *Fleming v. Light Co.,* 232 N.C. 457, 61 S.E. 2d 364. This allegation is insufficient to support plaintiff's theory that plaintiff had the right-of-way by virtue of G.S. 20-155(b).

Even if plaintiff had alleged facts to show that he had the right-of-way by virtue of G.S. 20-155(b), he has no evidence to support such an allegation. He approached the intersection about 20 miles an hour, took his foot off the accelerator, put it on the brake and proceeded to slow down. Brake approaching the intersection, at about 25 miles an hour, according to plaintiff's evidence, had the right to assume that plaintiff approaching from his left and slowing down would yield the right-of-way to the vehicle on the right driven by him, and stop or slow down sufficiently to permit him to pass in safety. *Bennett v. Stephenson, supra; Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276. About 8 to 10 feet, or maybe a little more, from the intersection plaintiff looked to the right and left on Coleman Avenue, along which street he could see 100 to 125 feet, and not seeing any traffic on the avenue—he did not look again—he took his foot off the brake, put it on the accelerator, and drove into the intersection. He did not see defendants' car, until

TAYLOR *v.* BRAKE.

it hit him. We are of opinion that plaintiff's evidence is not susceptible of the reasonable inference that he was within the intersection first, and we are supported in our opinion by the fact plaintiff did not see fit to allege it.

It was plaintiff's duty "not merely to *look,* but to *keep an outlook* in the direction of travel; and he is held to the duty of seeing what he ought to have seen." *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330.

If plaintiff had seen the Ford approaching the intersection on his right at 25 miles an hour, as it was his duty to see it, he should have reasonably apprehended that there was danger of a collision, unless he delayed his progress until defendants' Ford on the right had passed through the intersection. The evidence, considered in the light most favorable to plaintiff, presents a case when two automobiles approach or enter an intersection at approximately the same time, as the applicable statute has been construed by this Court, particularly in *S. v. Hill, supra,* and it was the duty of plaintiff, the driver of the vehicle on the left, to yield the right-of-way to the defendants' vehicle on the right.

In order to make out a case for the jury plaintiff is required to have a sufficient pleading and to present probative facts from which negligence and causal relation can reasonably be inferred. In a consideration of the evidence the essential requirement is that mere speculation be not allowed to do duty for probative facts. A consideration of all the evidence favorable to plaintiff leads us to the conclusion that it does not make out a case of negligence against the defendants sufficient to carry the case to the jury.

*Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316, relied on by plaintiff, is distinguishable. In that case plaintiff testified defendant told him at the hospital, "he saw me in the intersection but was coming so fast he could not stop." *Kennedy v. Smith, supra,* relied on by plaintiff, is also distinguishable.

The judgment of nonsuit below is
Affirmed.

BOBBITT, J., dissents.