## G. FRANK KENNEDY v. VIOLA CARTER JAMES.

(Filed 27 April, 1960.)

**1. Automobiles §§ 41g, 42g—**

Plaintiff's evidence tending to show that he was traveling at a lawful speed and entered a street intersection before defendant's car approaching the intersection from plaintiff's right, reached the intersection, and was struck by defendant's car after plaintiff's car had been driven more than half way across the intersection, *is held* sufficient to take the case to the jury on the issue of defendant's negligence and not to show contributory negligence as a matter of law on the part of plaintiff. G.S. 20-155(b).

**2. Automobiles § 46: Trial § 31b—**

Where the trial court charges the law in regard to the statutory duties of a motorist to keep a proper lookout and the statutory provisions in regard to the right of way at an intersection, and applies the law to the evidence in the case, G.S. 20-141(c); G.S. 20-155(a), objection on the ground that the court failed to charge on the statutes is without merit, it not being required that the court read the applicable statutes to the jury.

**3. Same—**

Where the court correctly charges the law of the right of way when two vehicles approach an intersection at the same time, the following charge of the court on the law as to the right of way when one vehicle enters the intersection first "all other things being equal", *held* not misleading when the charge is construed contexually.

**4. Appeal and Error § 42—**

The charge to a jury must be read and considered in its entirety, and not in detached fragments.

**5. Appeal and Error § 39—**

The burden is on appellant to show prejudicial error amounting to the denial of some substantial right.

APPEAL by defendant from *Pless, J.,* December 1959 Term, of CABARRUS.

Civil action to recover compensation for damage to an automobile resulting from an intersection automobile collision, in which defendant pleads contributory negligence of the driver of plaintiff's automobile, and a counterclaim for damage to her automobile.

The jury found by its verdict that plaintiff's automobile was damaged by the negligence of defendant, that the driver of plaintiff's automobile was not guilty of contributory negligence, and awarded damages in the sum of $776.00. The jury did not answer the issues arising on defendant's counterclaim.

From judgment entered on the verdict, defendant appeals.

*John R. Boger, Jr., Clyde L. Propst, Jr., and Hartsell & Hartsell for plaintiff, appellee.*
*John Hugh Williams for defendant, appellant.*

PARKER, J. Defendant assigns as error the denial of her motion for judgment of compulsory nonsuit renewed at the close of all the evidence. Her argument in her brief is that her motion should have been allowed on the ground of the contributory negligence of the driver of plaintiff's automobile as a matter of law.

Plaintiff's evidence tends to show these facts: About 6:45 or 7:00 p. m. o'clock on Sunday, 27 July 1958, Kenneth R. Kennedy, son and agent of plaintiff, was driving his father's Chevrolet automobile south on Kerr Street in the city of Concord, and approaching its intersection with Moore Street. At the same time defendant was driving her Ford station wagon east on Moore Street in the city, and approaching the same intersection. Both streets are paved. Kerr Street is about 26 feet wide, and Moore Street about 25 feet wide. Kerr street runs north and south, and Moore Street east and west. At the time there were no stop signs, stationary or signal, and no yield right of way signs at the intersection. It was a residential district of the city, and the maximum speed of automobiles there was thirty-five miles per hour.

About 500 feet from the intersection Kenneth R. Kennedy checked his speed, looked at his speedometer, and saw he was going thirty miles an hour. He testified on direct examination: "As I came on into Moore Street I saw nothing in the intersection until my wife screamed and I was in the intersection most of the way across when she screamed and I looked to my right just in time to see Mrs. James' car hit my right side. . . . At the time of the collision the front end of Mrs. James' car was about three feet east of the west side of the prolongation out into Kerr Street. The front end of my car was approximately equal with the south edge of Moore Street. I was on the righthand side of Kerr Street." He testified on cross-examination: "I was going 30 miles per hour. I was going about the same speed at the time of the collision. I did not slow down as I approached the intersection. . . . I was familiar with the intersection. . . . I thought I had the right of way. I looked but did not slow down. I was approximately halfway across the intersection when I saw Mrs. James' car. I saw her approximately three to five feet before she struck me."

On the northwest corner of Kerr and Moore Streets there is a house which faces on Kerr Street. It has a hedge around the yard. A witness for plaintiff testified: "You would have to get out to the edge of Kerr Street before you could see your way safely to go ahead. You

could see from Kerr Street to an automobile on Moore the same distance you could see from Moore on Kerr. The distance of visibility is the same in both directions."

Plaintiff alleged in his complaint, "that plaintiff's car entered the intersection that Moore Street makes with Kerr Street before the defendant's car, which was proceeding in an easterly direction on Moore Street, entered said intersection; that, after said Kenneth R. Kennedy had driven said plaintiff's automobile more than halfway across said intersection, a 1955 Ford, owned and operated at said time by the defendant, entered said intersection and violently struck the plaintiff's automobile in the vicinity of the right front door," and Kenneth R. Kennedy testified that he was approximately half way across the intersection when he saw defendant's car three to five feet before she hit his car. This distinguishes the instant case from *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686, which is relied on by defendant.

Plaintiff has *allegata* and *probata* tending to support his theory of the case that he had the right of way by virtue of N.C. G.S. 20-155(b). This Court said in the recent case of *Carr v. Stewart,* 252 N.C. 118, 113 S.E. 2d 18: "The plaintiff's evidence in the instant case tends to show that he entered the intersection first. Hence, in our opinion, he is entitled to have his case heard by a jury on appropriate issues, and we so hold." See also *Downs v. Odom,* 250 N.C. 81, 108 S.E. 2d 65.

The question as to whether or not plaintiff was guilty of contributory negligence in entering the intersection at the time and under the conditions then existing was for the jury, and the trial judge correctly so held, and properly overruled defendant's motion for judgment of nonsuit entered at the close of all the evidence.

Defendant assigns as error this part of the charge in respect to the first issue: "Now, Ladies and Gentlemen, as I say, you've got to take into consideration all of the surrounding circumstances for the purpose of determining who had the right of way. If a person enters an intersection at a lawful rate of speed, all other things being equal, and gets into the intersection first, then it is the duty of others to let him proceed before entering. If he enters it at an unlawful rate of speed or in violation of the reasonably prudent person, then, of course, that law would not apply."

Defendant contends that the vice of this part of the charge lies in its failure to consider N.C.G.S. 20-141(c) and N.C.G.S. 20-155(a), as well as the common law duty of maintaining a proper lookout. However, a study of the charge before this challenged part of it shows that the trial judge did instruct the jury as to the duty of maintaining a proper lookout, and did state in substance the provisions of

N.C.G.S. 20-141(c) and N.C.G.S. 20-155(a), though he did not read these two statutes to the jury, and did charge that there is no such thing, as an absolute right of way. In *Batchelor v. Black,* 232 N.C. 314, 59 S.E. 2d 817, the Court said: "This Court has repeatedly held that the court need not read a statute to the jury, and in fact the opinions tend to discourage the practice. While the court must apply the law to the evidence (G.S. 1-180) this is often better accomplished by a simple explanation without the involvement of the technical language of the statute."

Defendant further contends that the challenged part of the charge "detracted from the previous statement that the defendant had the right of way if the two vehicles 'did approach' the intersection at about the same time. In fact, the expression 'all other things being equal' could have been considered by the jury as referring to the proposition of the vehicles reaching the intersection at approximately the same time. This would negate G.S. 20-155(a)."

This is said in *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147: "If, on the other hand, the automobile of the plaintiff approaching from the left reached the intersection first and had already entered the intersection, the driver of defendant's automobile was under duty, to permit the plaintiff's automobile to pass in safety. G.S. 20-155(b); *Davis v. Long,* 189 N.C. 129 (136), 126 S.E. 321; *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316."

Defendant's evidence tends to show that she approached the intersection at not over ten miles an hour, that when she got to the intersection, she stopped and looked both ways, didn't see any approaching traffic, and started into the intersection, that when she had gone three feet in the intersection, the collision occurred. When she first saw plaintiff's car, it was about two feet in the intersection, and, in her opinion, was going 40 miles an hour.

A charge to a jury must be read and considered in its entirety, and not in detached fragments. *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356. When the charge here is read as a composite whole, prejudicial error as to the defendant sufficient to warrant a new trial is not shown. This assignment of error is not tenable. The case of *Primm v. King,* 249 N. C. 228, 106 S.E. 2d 223, relied on by defendant, is easily distinguishable.

The other assignments of error to the charge have been carefully considered, and are overruled.

The burden is on appellant to show prejudicial error amounting

to the denial of some substantial right. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657; *Keener v. Beal, supra.* This, she has not done. No error.