DELMA JEREMIAH MOORE v. JULIUS RAY BUTLER

No. 705DC662

(Filed 16 December 1970)

Automobiles § 79— accident at intersection — plaintiff's contributory negligence

In an automobile accident case arising out of a collision at an intersection not controlled by a stop sign or a traffic light, plaintiff's evidence established his contributory negligence as a matter of law in failing to yield the right of way to the defendant's car, which had approached the intersection from the plaintiff's right.

APPEAL by defendant from *Burnett, Judge*, 2 July 1970 Session, NEW HANOVER District Court.

In this action plaintiff seeks to recover for personal injury allegedly sustained by him in a collision between an automobile operated by him and an automobile operated by defendant at the unmarked and uncontrolled intersection of Ann and Seventh Streets in the City of Wilmington. Plaintiff was traveling east on Ann Street and defendant was traveling north on Seventh Street, with defendant approaching the intersection from plaintiff's right and plaintiff approaching the intersection from defendant's left. Plaintiff's evidence tended to show that each street was approximately 25 ft. wide at the intersection and that plaintiff's car was struck near the center of its right side by the front of defendant's car. Issues of negligence, contributory negligence and amount of damage were submitted to and answered by a jury in favor of plaintiff and from judgment entered thereon, defendant appealed.

*Robert White Johnson for plaintiff appellee.*

*Smith and Spivey by W. G. Smith for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to allow his timely made motions for directed verdict on the ground of plaintiff's contributory negligence as a matter of law. The assignment of error is sustained.

Plaintiff's evidence pertaining to this assignment tended to show: At approximately 9:00 p.m. on 25 October 1969 plaintiff was driving his automobile east on Ann Street. As he

Moore v. Butler

approached the intersection with Seventh Street "I looked both ways, I didn't see anything. As to how far I could see when I looked there, I could see about 10 or 12 feet each way. As to what prohibited me from seeing further than that, I say there was a couple of trees along about here and I couldn't see. And there was a funeral home." When plaintiff got to a point in the intersection where he could see, he stated, "While I was in the southbound lane of 7th Street, I did not at any time look to my right. I did not at any time look to my left. I was looking straight ahead. As to whether or not I focused my attention straight ahead to the exclusion of my right or left, I say 'while I was in the southbound lane, yes.' . . . . If my car was moving at 5 miles per hour I could still have seen his headlights 4 or 5 blocks to my right if I had looked down 7th Street. If I had looked, yes. I was looking straight ahead. I didn't look down 7th Street at all while I was in the southbound lane. As to whether I had gone all the way across the center of 7th Street before I ever looked, I say, no sir, I was in the middle of the street. Yes sir, I said I was half way across the street before I ever looked. . . . . And as to whether I had gone more than half way across 7th Street before I ever looked to my right, I say as I was going across, yes. As to whether I would not have looked then but for the fact his lights were shining in my face, I say 'it was shining on the side of my face.' That is the only reason I looked then. At that time, when I first looked, he was only 6 to 8 feet away from me, something like that, that's my best estimate."

We think this case is controlled by *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686 (1957) which has a very similar factual situation. The scene of the collision in that case was an uncontrolled intersection in the City of Rocky Mount on a clear November day in midmorning. As plaintiff approached the intersection where the collision took place he reduced his speed, looked to the left and right while about 10 feet from the intersection, and not seeing any vehicle on the intersecting street proceeded into the intersection without looking again and was struck on the right by the defendant's auto at a time when the front of plaintiff's vehicle was already across the intersection. Plaintiff testified that he could see in the direction that the defendant came for a distance of 100 to 125 feet.

In upholding the nonsuit awarded defendant in the trial court, the Supreme Court cited the controlling statute, G.S.

20-155(a), which is substantively identical to Section 15-45(a) of the Municipal Ordinances of the City of Wilmington relied on by plaintiff here, and said:

> "Where at about the same time two vehicles approach an intersection which has no stop signs or traffic control signals, the vehicle on the right has the right of way . . . , and they approach the intersection at approximately the same time within the purview of this rule when their respective distances from the intersection and relative speeds, and other attendant circumstances, show that the driver of the vehicle on the left should reasonably apprehend that there is danger of collision unless he delays his progress until the vehicle on the right has passed."

Although plaintiff in the case at bar might have arrived at the intersection a split second or two sooner that defendant, he did not have the right of way. Plaintiff approached the intersection from the left, and under the city's ordinance it was incumbent upon him to slow down and yield the right of way. *Bennett v. Stephenson*, 237 N.C. 377, 75 S.E. 2d 147 (1953). Plaintiff's testimony indicates that he did not slow down and yield the right of way to the defendant for the reason that plaintiff was not maintaining a proper lookout and did not see the defendant's vehicle. Plaintiff's testimony further reveals that while he looked before entering the intersection, he did so at a point where he could not see vehicles approaching the intersection from his right. Plaintiff was faced with the duty of looking and seeing what he ought to have seen; his admitted conduct prohibits any recovery. *Taylor v. Brake, supra.*

Defendant's motion for a directed verdict on the ground that plaintiff's evidence showed contributory negligence on his part as a matter of law should have been sustained.

The judgment of the district court appealed from is

Reversed.

Judges CAMPBELL and HEDRICK concur.