EMMIE CASON DOUGLAS v. EDWIN LINEBERRY BOOTH AND THOMP-SON-ARTHUR PAVING COMPANY

No. 6918SC445

(Filed 17 September 1969)

1. **Automobiles § 19— motorist on dominant street — stop sign removed from servient street — assumptions — right of way**

   Where plaintiff was traveling along a properly designated dominant street and knew that stop signs had been erected for traffic on an intersecting street, but plaintiff was unaware that the stop sign on one side of the intersection had been temporarily removed, plaintiff was entitled to assume that traffic on the servient street would yield the right of way to her, this right not being lost by temporary removal of the stop sign on the servient street.

2. **Automobiles §§ 19, 57— intersection accident — stop sign removed from servient highway — right of way — sufficiency of evidence**

   In this action for damages resulting from an intersection collision, where plaintiff's evidence shows that plaintiff approached the intersection upon the dominant street from defendant's left, and that the stop sign for the servient street on which defendant approached the intersection had been temporarily removed, and there was no evidence that defendant knew that a stop sign had been erected upon the servient street or that it had been removed, defendant was entitled to rely upon the rule of G.S. 20-155(a) granting the vehicle on the right the right of way when two vehicles approach an intersection at approximately the same time, and defendant's motion for nonsuit is properly granted where the uncontradicted physical facts at the scene, as disclosed by plaintiff's evidence, show that defendant's vehicle entered the intersection before plaintiff's and there was no evidence that defendant was driving at an unreasonable speed or in any other way was improperly operating his vehicle.

**3. Negligence § 29;   Trial § 22—   nonsuit — evidence in conflict with physical facts**

Evidence which is inherently impossible or in conflict with indisputable physical facts or laws of nature is not sufficient to take the case to the jury.

**4. Highways and Cartways § 7—   paving   contractor — negligent   removal of stop sign — sufficiency of evidence**

In an action for damages resulting from an intersection accident allegedly caused by the negligence of defendant paving company in removing a stop sign on the servient street while surfacing the street, defendant's motion for nonsuit was properly allowed where plaintiff's evidence showed only that approximately 30 days before the accident defendant paving company removed the stop sign for one day, and there is no evidence of how, when or by whom the stop sign was again removed, nor is there evidence from which it can reasonably be inferred that removal of the sign again was necessary for defendant paving company to accomplish its work.

APPEAL by plaintiff from *Johnston, J.*, 21 April 1969 Session, GUILFORD Superior Court, Greensboro Division.

Plaintiff seeks to recover damages for personal injuries alleged to have been sustained in a collision at the intersection of Willow Road and Tuscaloosa Street in the City of Greensboro on 19 December 1964, at about four o'clock in the afternoon. Willow Road runs north and south; Tuscaloosa Street runs east and west. Plaintiff was driving her automobile north along Willow Road, and defendant Booth was driving his automobile west along Tuscaloosa Street. The front of plaintiff's automobile struck the left side of defendant Booth's automobile.

Plaintiff alleged and offered evidence to show that stop signs had been erected facing traffic entering the intersection from either direction along Tuscaloosa Street; that she was familiar with the intersection and knew that the stop signs had been placed to control traffic traveling on Tuscaloosa Street; that Tuscaloosa Street, east of its intersection with Willow Road, was in the process of being surfaced; and that unknown to her the stop sign facing traffic traveling west of Tuscaloosa Street (the direction in which defendant Booth was traveling) had been taken down and was lying in the yard of a residence at the northeast corner of the intersection.

Plaintiff alleged that defendant Paving Company had removed the stop sign for purposes of grading Tuscaloosa Street and had negligently failed to replace it.

At the close of plaintiff's evidence judgment of nonsuit as to each

defendant was entered. Plaintiff appealed, assigning as error the entry of the judgments of nonsuit.

Originally plaintiff had named Lambeth Construction Company and the City of Greensboro as defendants also, but she does not appeal from the entry of judgments of nonsuit as to them.

*Alston, Pell, Pell & Weston, by E. L. Alston, Jr., for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum Hunter, for defendant Edwin Lineberry Booth.*

*Lovelace, Hardin & Bain, by Edward R. Hardin, for defendant Thompson-Arthur Paving Company.*

BROCK, J.

Plaintiff contends that she had the right of way at the intersection because she was traveling on the dominant street (Willow Road). She contends that the stop sign, having been erected, designated Willow Road as the dominant street and Tuscaloosa Street as the servient street; and that her rights were not changed merely because the stop sign was not in place at the time of the collision. She relies upon *Kelly v. Ashburn*, 256 N.C. 338, 123 S.E. 2d 775.

Defendant Booth contends that he was not confronted with a stop sign; that there is no evidence that he knew of the previously existing stop sign; and that he was entitled to rely upon the rule of G.S. 20-155(a) granting to him the right of way over a motorist approaching the intersection from his left at approximately the same time. He relies upon *Tucker v. Moorefield*, 250 N.C. 340, 108 S.E. 2d 637.

We do not consider *Kelly v. Ashburn, supra,* and *Tucker v. Moorefield, supra* to be in conflict.

G.S. 20-158(a) provides in part as follows:

"The State Highway Commission, with reference to State highways, and local authorities, with reference to highways under their jurisdiction, are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to full stop before entering or crossing such designated highway, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto and yield the right-of-way to vehicles operating on the designated main traveled or through highway and approaching said intersection."

With respect to intersections at which no stop sign, or yield right of way sign, has been erected, G.S. 20-155(a) provides in pertinent part as follows:

> "When two vehicles approach or enter an intersection and/or junction at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right . . . except where the vehicle on the right is required to stop by a sign erected pursuant to the provisions of § 20-158. . . ."

In *Tucker* the evidence affirmatively showed that the stop sign had not been erected originally under the authority of G.S. 20-158(a) and consequently the street upon which plaintiff (Tucker) was traveling had not been properly designated the dominant street; therefore the Court held that the rule of G.S. 20-155(a) was applicable to both plaintiff and defendant. In *Kelly* the evidence permitted the inference that the stop sign had been erected originally under the authority of G.S. 20-158(a), and the Court held plaintiff's right to rely on the assumption that defendant, approaching from plaintiff's right, would stop was not lost because the stop sign had been removed. However, in both cases the defendant's rights and duties were to be governed by the right of way rule provided by G.S. 20-155(a).

[1] In the present case, considering the evidence in the light most favorable to plaintiff, the evidence would permit findings as follows: Plaintiff was driving north on Willow Road; Willow Road had been designated the dominant street by proper authority by the placing of stop signs on either side of its intersection with Tuscaloosa Street facing traffic on Tuscaloosa Street; plaintiff was familiar with the intersection and with the existence of the stop signs for traffic on Tuscaloosa Street; and she did not know that the stop sign on the east side of the intersection had been removed. Under these circumstances plaintiff was proceeding along the dominant street and was entitled to assume that traffic on the servient street would yield her the right of way, and this right was not lost because the stop sign had been temporarily removed. *Kelly v. Ashburn, supra.*

[2] However, there was no evidence that defendant Booth knew the stop sign had been erected or removed. Willow Road and Tuscaloosa Street are both approximately thirty-four feet wide. Plaintiff and Booth were approaching the intersection at approximately the same time. Plaintiff was approaching from Booth's left and Booth was approaching from plaintiff's right. Under these circum-

stances Booth was entitled to rely on. G.S. 20-155(a) granting the vehicle on the right the right of way when they both approach an intersection at approximately the same time. *Kelly v. Ashburn, supra; Tucker v. Moorefield, supra.* There was no evidence that Booth was driving at an unreasonable speed or in any other way was improperly operating his vehicle.

Plaintiff had the burden of proving negligence on the part of defendant Booth; but the record is bare of any evidence of negligence on his part. The physical facts at the scene, as disclosed by plaintiff's evidence, show that Booth's vehicle was in its right lane of travel; that his vehicle entered the intersection before plaintiff's; and that the front of his vehicle was in the northwest quadrant of the intersection at the time plaintiff's vehicle struck his at his left front door. According to the record plaintiff and her passenger both testified that plaintiff's vehicle had almost completely crossed the intersection before defendant Booth's vehicle entered. However, this testimony is in irreconcilable conflict with the physical facts as established by plaintiff's uncontradicted evidence.

Plaintiff's witness, the investigating officer, testified: "I found some skid marks leading up to the rear of the Douglas [plaintiff's] vehicle." "This left skid mark leading up to the left rear of the Douglas car extended back some distance from out of the intersection and into the intersection." "These skid marks leading up to the rear of the Douglas car were about straddle the middle of the street." "The damage to the station wagon [Booth's vehicle] is primarily in the left front door." The damage to plaintiff's vehicle was on its front. Plaintiff's photographs corroborated the testimony of the investigating officer.

The skid marks, point of impact, and damage to the vehicles point clearly to the fact that the vehicles approached the intersection at approximately the same time, and clearly show that plaintiff's vehicle was not "almost out" of the intersection when Booth's vehicle entered.

[3] "As a general rule, evidence which is inherently impossible or in conflict with indisputable physical facts or laws of nature is not sufficient to take the case to the jury, and in case of such inherently impossible evidence, the trial court has the duty of taking the case from the jury." *Jones v. Schaffer,* 252 N.C. 368, 114 S.E. 2d 105; *Hardy v. Tesh,* 5 N.C. App. 107, 167 S.E. 2d 848.

We hold that plaintiff has failed to offer evidence, consistent with the undisputed physical facts, which shows any negligence on the part of defendant Booth, and that the nonsuit as to him was proper.

[4]　With respect to the defendant Thompson-Arthur Paving Company, plaintiff contends that it removed the stop sign and negligently failed to replace it, and that such negligence was a proximate cause of the collision and her resulting damages. The only evidence relating to removal of the stop sign for construction showed that the stop sign was temporarily removed on 18 November 1964 and securely replaced on the same day after some grading on the shoulder of the street was completed. This was approximately thirty days before the collision in question, and the record is bare of any evidence of how, when, or by whom the stop sign was again removed. Nor is there evidence from which it can reasonably be inferred that removal of the sign again was necessary for defendant paving company to accomplish its work. How, when, why, or by whom the stop sign was again removed is a matter of conjecture under the evidence in this case.

We hold that plaintiff has failed to offer evidence of any negligence on the part of defendant Thompson-Arthur Paving Company, and that nonsuit as to it was proper.

Affirmed.

BRITT and VAUGHN, JJ., concur.