HERBERT H. DAWSON, ADMINISTRATOR OF THE ESTATE OF STANLEY PARKS v. CLARENCE B. JENNETTE, ORIGINAL DEFENDANT, AND ARTHUR BRIGHT, ADDITIONAL DEFENDANT

No. 708SC587

(Filed 30 December 1970)

Automobiles §§ 19, 57— accident at T-intersection — stop sign for servient street not in place — right-of-way — sufficiency of evidence

In this wrongful death action resulting from a collision between two automobiles at a T-intersection, the rules governing uncontrolled intersections applied to give defendant's driver the right-of-way under G.S. 20-155(a), and plaintiff's evidence was insufficient for the jury, where evidence offered by plaintiff showed that the stop sign for the servient street on which defendant's automobile approached the intersection was not in place but was lying on the ground, there was no evidence that defendant's driver knew or had reason to know that the stop sign had been erected or removed, and plaintiff's evidence showed that defendant's automobile approached the intersection from the right of decedent's automobile and was insufficient for the jury to find that decedent's automobile entered the intersection first and thereby obtained the right-of-way under G.S. 20-155(b).

Judge VAUGHN dissents.

APPEAL from *Bundy, Judge of the Superior Court,* 18 May 1970 Session, LENOIR County Superior Court.

The plaintiff, as administrator of the estate of Stanley Parks, deceased, brought this action to recover damages for the wrongful death of his intestate, caused when his automobile, driven by the additional defendant Bright, collided with an automobile owned by the original defendant Jennette in which Jennette was a passenger, and which was being driven by Jennette's daughter, Mrs. Sandra Dolan.

The original defendant filed an answer in which he denied the material allegations of the complaint, and asserted the contributory negligence of plaintiff's intestate as a bar to plaintiff's action. He further instituted a cross action against the additional defendant Bright for contribution in the event he should be held liable to plaintiff, as well as an independent claim against Bright for his own injuries, and a counterclaim against the plaintiff. The additional defendant Bright asserted a claim for his injuries against the original defendant Jennette.

The plaintiff's evidence tended to show: the collision occurred on the evening of 4 July 1967, at the intersection of Airport Road and Heritage Street Extension, near Kinston, North Carolina; the intersection is a "T" intersection; the decedent's automobile was traveling eastwardly on Airport Road, which forms the cap of the "T," and the original defendant's automobile was traveling northwardly on Heritage Street Extension; it was still daylight at the time of the accident; the stop sign on Heritage Street Extension was not in place, but was lying on the ground; the intersection is visible for a distance of 150 feet south on Heritage Street Extension; from a point on Heritage Street Extension 150 feet south of the intersection, one could see for a distance of 50-60 feet westwardly on Airport Road; the speed of the decedent's automobile was 40-45 miles per hour, and the speed of the original defendant's automobile was approximately 30 miles per hour; neither Mrs. Dolan, the decedent Stanley Parks, nor the additional defendant Bright had been drinking; the original defendant's automobile, driven by Mrs. Dolan, entered the intersection and struck the right side of the decedent's automobile, the additional defendant Bright having swerved to his left in an attempt to avoid the collision; the speed limit on both roads was 55 miles per hour; the decedent's vehicle came to rest on its side, approximately 58 feet from the point of impact; the additional defendant was familiar with the intersection; Mrs. Dolan was not familiar with the route, but she had passed through the intersection earlier the same day, traveling in the opposite direction.

At the close of the plaintiff's evidence, the trial court granted the motions of both the original and additional defendants for directed verdicts, on the plaintiff's claim and the original defendant's claim for contribution, to which the plaintiff excepted and gave notice of appeal. By consent judgment, the claims of both defendants against each other, and the original defendant's counterclaim against the plaintiff, were dismissed.

*Beech & Pollock, by H. E. Beech for plaintiff appellant.*

*Whitaker, Jeffress & Morris, by A. H. Jeffress for defendant appellee.*

BROCK, Judge.

It was stipulated: (1) that Stanley Parks died as a result of injuries sustained in the collision; (2) that Sandra Dolan was operating the defendant Jennette's automobile as his agent, with his consent, and within the scope of the agency or master-servant relationship; (3) that the additional defendant, Bright, was operating the decedent's automobile with the owner's permission.

The original defendant's allegation contained in his counterclaim against plaintiff that Bright was operating the decedent's automobile "at the request and with the consent of the said Stanley Parks and under his direction, supervision, and control as his agent and within the scope of said employment, and that the plaintiff's intestate, Stanley Parks, exercised control over the operation of said vehicle . . ." was controverted neither by the pleadings nor by the evidence.

Thus, the issue of the actual and proximate cause of the decedent's death, and the issue of the imputability of any negligence of Bright and Dolan to the decedent and the original defendant, respectively, are judicially admitted, and were not before the court on the motions for directed verdict.

Therefore, the issues on appeal are whether the plaintiff's evidence of negligence imputable to the original defendant Jennette was sufficient to require submission of the case to the jury, and whether the evidence discloses contributory negligence as a matter of law.

We think this case is controlled by our decision in *Douglas v. Booth,* 6 N.C. App. 156, 169 S.E. 2d 492. There is no evidence that Mrs. Dolan knew, or had reason to know, that the stop sign had been erected or removed. Although she had passed through

the intersection earlier in the day, the evidence is silent as to whether the sign was in place at that time. As to her, the rules governing uncontrolled intersections apply. She approached the intersection from the right of the automobile in which the decedent was riding; thus, she could rightfully assume the right-of-way. G.S. 20-155(a). There is no evidence of excessive speed on her part, nor of any other negligence.

Plaintiff attempts to avoid the result of *Douglas v. Booth, supra,* and indeed, to turn it to his favor, by distinguishing it on the ground that it involved a 4-way intersection, whereas the case at bar involves a 3-way or "T" intersection. His contention, apparently, is that a "T" intersection creates a dominant-servient relationship between the intersecting roads, the right-of-way belonging to the motorist on the through highway, or cap of the "T," even if he approaches from the left of the other motorist. We think plaintiff's reliance on *Douglas* is misplaced. While we are not called upon at this time to enumerate the circumstances under which a dominant-servient relationship may arise, and we expressly refrain from so doing, suffice it to say that we find no basis for holding that such a relationship is imposed on the facts of this case.

Plaintiff also contends that the decedent's automobile entered the intersection first and thereby obtained the right-of-way, notwithstanding that he was to Mrs. Dolan's left. However, the evidence is, at best, equivocal. Any inference that the decedent's automobile entered the intersection first would be based on mere conjecture. Since Mrs. Dolan, pursuant to G.S. 20-155(a), was entitled to the right-of-way, it was incumbent upon plaintiff, who had the burden of proof, to establish facts sufficient to bring the case within G.S. 20-155(b). *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147. This he failed to do.

Plaintiff has failed to offer any evidence of actionable negligence on the part of Mrs. Dolan. Directed verdicts were properly granted.

Affirmed.

Judge MORRIS concurs.

Judge VAUGHN dissents.