DONALD BAIN HATHCOCK v. MALCOLM MONROE LOWDER

No. 7220SC504

(Filed 25 October 1972)

1. **Automobiles §§ 19, 57— intersection collision — stop sign down — instruction on yielding right of way proper**

    The trial court properly instructed the jury with respect to the duty of the driver on the left to yield the right of way at an intersection where plaintiff and defendant approached an intersection at approximately the same time; plaintiff was on the dominant highway but to the left of defendant; defendant entered the intersection from the servient highway without stopping, as the stop sign controlling traffic from that highway had been removed from its post; defendant collided with the side of plaintiff's vehicle causing personal injuries to plaintiff. G.S. 20-155(a).

2. **Rules of Civil Procedure § 50— verdict for defendant — defendant's motion for judgment NOV improper**

    Where defendant's motions for directed verdict made at the close of plaintiff's evidence and at the close of all the evidence were denied by the trial court and the jury returned a verdict for defendant,

defendant's motion for judgment NOV was improperly made and the order allowing it constituted error.

APPEAL by plaintiff from *Collier, Judge,* 31 January 1972 Session of STANLY County Superior Court.

Plaintiff seeks to recover damages for personal injuries arising out of a collision which occurred on 3 November 1969 at about 7:00 p.m. at the intersection of Rural Paved Road No. 1535 and Rural Paved Road No. 1534. Road No. 1534 runs east and west; road No. 1535 runs north and south. Plaintiff was driving west along No. 1534 in a car owned by a friend and defendant was driving south along No. 1535. Evidence tended to show that the automobile plaintiff was driving was struck on the right side by defendant's vehicle.

Plaintiff testified that he was familiar with the intersection; that he knew stop signs had been erected on either side of the intersection controlling the southbound and northbound traffic on No. 1535; and that he was unaware that the stop sign facing the southbound traffic (the direction in which the defendant was traveling) had been removed from its post.

Defendant testified as an adverse witness called by plaintiff that he was unfamiliar with the intersection; that he had not traveled over that particular road for approximately 19 years; and that he was maintaining a speed of approximately 35-40 miles an hour which was reduced to approximately 15-20 miles an hour immediately prior to impact. He also offered evidence tending to show that there were no double yellow lines on the highway leading to the intersection from the direction of his approach due to the recent resurfacing of No. 1535.

The issues of defendant's negligence and plaintiff's damages were submitted to the jury who answered the first issue "No", and therefore did not consider the second issue. From judgment entered 11 February 1972 predicated on the verdict in favor of defendant, plaintiff appealed.

*Olive, Howard, Downer and Williams, by Carl W. Howard, for plaintiff appellant.*

*Coble, Morton and Grigg, by Warren L. Coble, and Jones, Hewson and Woolard, by Harry C. Hewson, for defendant appellee.*

MORRIS, Judge.

Plaintiff's first and third assignments of error are not discussed in his brief and are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[1]  Plaintiff in his second assignment of error contends that the trial court erred in charging the jury on G.S. 20-155 (a) which provides:

> "*Right-of-way.*— (a) When two vehicles approach or enter an intersection and/or junction at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right except as otherwise provided in § 20-156 and except where the vehicle on the right is required to stop by a sign erected pursuant to the provisions of § 20-158 and except where the vehicle on the right is required to yield the right-of-way by a sign erected pursuant to the provisions of § 20-158.1."

Plaintiff further contends that his vehicle had the right-of-way at the intersection relying on the provisions of G.S. 20-158 (a) which provide in part:

> "*Vehicles must stop and yield right-of-way at certain through highways.*— (a) The State Highway Commission, with reference to State highways, and local authorities, with reference to highways under their jurisdiction, are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to full stop before entering or crossing such designated highway, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto and yield the right-of-way to vehicles operating on the designated main traveled or through highway and approaching said intersection . . . ."

Plaintiff argues that he had the right-of-way at the intersection, the stop sign having been erected pursuant to G.S. 20-158 (a) making No. 1534 the dominant highway and No. 1535 the servient one, and that his rights were not changed just because the stop sign was missing at the time of the collision, relying on *Kelly v. Ashburn,* 256 N.C. 338, 123 S.E. 2d 775 (1962); and *Dawson v. Jennette,* 278 N.C. 438, 180 S.E. 2d 121 (1971), where the Court said at page 445:

> "Nothing else appearing, the driver of a vehicle having the right of way at an intersection is entitled to assume and to act, until the last moment, on the assumption that the driver of another vehicle, approaching the intersection, will recognize his right of way and will stop or reduce his speed sufficiently to permit him to pass through the intersection in safety. (Citations omitted.)"

There is evidence that the missing stop sign had been initially erected pursuant to the authority of G.S. 20-158.

In *Kelly*, the negligence of both the plaintiff and the defendant was at issue and the Court held that it was error for the trial judge peremptorily to instruct the jury *solely* on the law governing the right-of-way at an intersection at which no stop sign had been erected. The Court held that although plaintiff's right to rely on the assumption that defendant would stop was not lost by reason of the fact that the stop sign had been removed; nevertheless, defendant's rights and duties were to be governed by the provisions of G.S. 20-155 (a).

In *Dawson v. Jennette, supra,* where the Court overturned a directed verdict in favor of defendant and remanded for a new trial, because viewing the evidence most favorably for the plaintiff it could be inferred that the agent-driver of the defendant passenger-owner whose vehicle was entering the intersection from a servient road was negligent in not keeping a proper lookout and that the defendant passenger-owner should have been familiar with the intersection and was negligent in failing to warn his driver, Justice Lake stated:

> "Were this suit against the driver of the Jennette vehicle, the second portion of *Kelly v. Ashburn, supra,* would be applicable, for the plaintiff's evidence is that she [driver] was not familiar with this intersection and so did not know that a stop sign had been erected there. Thus, had she known she was approaching an intersection, she would have reason to assume that she had the right of way over the Parks vehicle approaching from her left. (Citation omitted.)" *Dawson v. Jennette,* pp. 446-447.

In *Douglas v. Booth,* 6 N.C. App. 156, 159-160, 169 S.E. 2d 492 (1969), a case involving an intersection collision where a stop sign was also missing and where the evidence showed

that the defendant was unfamiliar with the intersection, and where only the negligence of the defendant was in issue, Judge Brock speaking for this Court stated:

"Plaintiff was approaching from Booth's left and Booth was approaching from plaintiff's right. Under these circumstances Booth was entitled to rely on G.S. 20-155(a) granting the vehicle on the right the right of way when they both approach an intersection at approximately the same time. (Citations omitted.)"

Plaintiff also contends that G.S. 20-155(a) is inapplicable because the evidence shows that plaintiff's vehicle actually entered the intersection first before being struck by the defendant's automobile. The test of the applicability of G.S. 20-155(a) however is whether both vehicles approach or reach the intersection at "approximately the same time," and "the right of way . . . is not determined by a fraction of a second." *Dawson v. Jennette, supra,* p. 445. Here there is ample evidence that both vehicles did approach or reach the intersection at approximately the same time.

Under the facts of this case, the court properly instructed the jury on the provisions of G.S. 20-155(a). Plaintiff's assignments of error are overruled.

[2] At the conclusion of plaintiff's evidence, and at the conclusion of all the evidence, defendant moved for a directed verdict. The court denied the motions and allowed the case to go to the jury. Whether denial of the motion for directed verdict was error is not before us. The posture of the case on appeal is such that defendant is not required to so argue. Within 10 days of the entry of the judgment on the verdict, defendant moved for "entry of a judgment as if a motion for a directed verdict at the conclusion of all the evidence had been granted." This was done from an abundance of caution and in view of language in G.S. 1A-1, Rule 50(b)(2), which defendant construed as requiring such a motion "in order to permit an appellate court to direct entry of judgment in accordance with the motion."

The court on 19 February 1972 signed an order "that the motion for entry of judgment in accordance with the motion for directed verdict is granted and judgment is entered accordingly, judgment having already been entered in favor of

the defendant on the verdict of the jury." Plaintiff also appealed from this order. G.S. 1A-1, Rule 50 (b) (1) provides:

> "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the submission of the action to the jury shall be deemed to be subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. In either case the motion shall be granted if it appears that the motion for directed verdict could properly have been granted. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the judge may allow the judgment to stand or may set aside the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the judge may direct the entry of judgment as if the requested verdict had been directed or may order a new trial. Not later than ten (10) days after entry of judgment or the discharge of the jury if a verdict was not returned, the judge on his own motion may, with or without further notice and hearing, grant, deny, or redeny a motion for directed verdict made at the close of all the evidence that was denied or for any reason was not granted."

We think it clear that the language of the Rule presupposes that its provisions are applicable only to situations in which the party moving for a directed verdict has his motion denied and the verdict of the jury is *adverse* to his position. The fact that the Rule provides that a motion for a new trial may be joined with the motion for judgment notwithstanding the verdict as prayed for in the alternative, in our opinion, substantiates this position. It is inconceivable that a party who has won before the jury would seek a new trial. We are of the opinion and so hold that defendant's motion for judgment notwithstanding the verdict was improvidently made and that the

order allowing it was improvidently entered and entry thereof constituted error. The order signed 19 February 1972 allowing the motion for judgment notwithstanding the verdict is vacated and in the trial resulting in judgment on the verdict, entered 11 February 1972, we find no error.

As to order of 19 February 1972: vacated.

As to judgment entered on the verdict: no error.

Judges BROCK and HEDRICK concur.