JAMES R. SMITH v. JAMES H. HOUSE

No. 7311DC34

(Filed 14 March 1973)

Automobiles § 57— intersection collision — sufficiency of findings to support conclusion

The trial court's findings of fact in a personal injury and property damage action that plaintiff was driving on a dominant street at a lawful rate of speed and that plaintiff observed defendant's automobile entering an intersection when he was approximately one car length from the intersection supported the judge's conclusion that plaintiff was injured by defendant's negligence and that plaintiff was not contributorily negligent.

APPEAL by defendant from *Lyon, District Judge,* at the 15 May 1972 Session of District Court held in LEE County.

This is a civil action to recover for personal injuries and property damage sustained in an automobile collision.

The collision occurred at the intersection of Seventh Street and North Avenue in Sanford, N. C., at approximately 6:55 p.m. on 21 March 1970. Seventh Street runs in a general north-south direction and has two traffic lanes for northbound traffic and two for southbound traffic; North Avenue runs in a general east-west direction and has one lane for eastbound traffic and one lane for westbound traffic. These streets intersect at right angles. There are legally erected and maintained stop signs on North Avenue just before its intersection with Seventh Street controlling traffic approaching and entering Seventh Street from both the east and west. Seventh Street is the domi-

nant street or highway and North Avenue is the servient street or highway.

At the time of the accident, plaintiff was driving his 1967 Oldsmobile Cutlass in a northern direction on Seventh Street approaching the intersection of North Avenue and Seventh Street; defendant was driving a 1966 Plymouth in an eastern direction on North Avenue approaching the intersection of Seventh Street and North Avenue. The southwest corner of the intersection of Seventh Street and North Avenue is a "blind corner" for traffic moving north on Seventh Street and east on North Avenue because of a house and shrubbery located near the south line of North Avenue and the west line of Seventh Street. A person approaching Seventh Street from the west on North Avenue, as defendant did in this case, cannot see traffic approaching the intersection from the south on Seventh Street until he almost reaches the curb line of Seventh Street.

Defendant stopped for the stop sign on North Avenue at a point where he could not see down Seventh Street to the south, the direction from which plaintiff was approaching. He then eased up to the curb line of Seventh Street, looked to both the right and left, and pulled out in to the intersection intending to cross Seventh Street and continue east on North Avenue. Defendant crossed the two southbound lanes of Seventh Street and collided with plaintiff near the line dividing the inside and outside lanes of travel for northbound traffic on Seventh Street. The right front and side of the automobile driven by defendant struck the left front and side of plaintiff's automobile. As plaintiff approached the intersection he was driving 30 m.p.h. in a 35 m.p.h. zone. Plaintiff did not observe defendant's automobile until he was approximately one car length from the intersection, at which time the automobile driven by defendant was entering the intersection.

After a trial without a jury, the District Court Judge found that plaintiff was damaged by the negligence of defendant, and that plaintiff did not contribute to such injury. From a judgment for plaintiff, defendant appealed.

*Pittman, Staton & Betts, by William W. Staton and R. Michael Jones, for plaintiff.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Clinton Eudy, Jr., for defendant.*

BROCK, Judge.

Defendant's sole assignment of error relates to the Court's conclusion that plaintiff was injured by defendant's negligence and plaintiff was not contributorily negligent. Defendant has not brought forward the evidence at trial in his record on appeal and does not dispute the findings of fact in the judgment. Defendant contends that as a matter of law from the findings of fact in the judgment, either plaintiff was contributorily negligent or the injuries he sustained were the result of an unavoidable accident.

We find no merit in defendant's contention. From the finding of fact in the judgment, plaintiff was driving on a dominant street at a lawful rate of speed. When he was approximately one car length from the intersection, plaintiff observed defendant's automobile entering the intersection from North Avenue. Under these facts, it cannot be concluded as a matter of law that plaintiff was contributorily negligent or the accident unavoidable. *See Hathcock v. Lowder*, 16 N.C. App. 255, 192 S.E. 2d 124.

Affirmed.

Judges HEDRICK and VAUGHN concur.